AT&T COMMUNICATIONS OF OHIO, INC., APPELLEE, *v.* LYNCH, APPELLANT.

[Cite as *AT&T Communications of Ohio, Inc. v. Lynch*,

132 Ohio St.3d 92, 2012-Ohio-1975.]

*Administrative appeals pursuant to R.C. 2506.01—Notice required—Each party seeking to reverse or modify the underlying administrative decision must perfect a separate appeal in order to vest the common pleas court with jurisdiction to review each party's respective assignments of error— Judgment affirmed.*

(No. 2011-0337—Submitted January 18, 2012—Decided May 8, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 94320,

2011-Ohio-302.

_____

**SYLLABUS OF THE COURT**

In an administrative appeal to a court of common pleas pursuant to R.C. 2506.01, each party seeking to reverse or modify the underlying administrative decision must perfect a separate appeal in order to vest the common pleas court with jurisdiction to review each party's respective assignments of error.

_____

**LUNDBERG STRATTON, J.**

I. Introduction

{¶ 1}  The issue before the court is whether a single notice of appeal of an administrative decision under R.C. 2506.01 vests the court of common pleas with jurisdiction to review an appeal filed by a party who did not file a separate appeal.  We answer that question in the negative.  We hold that each party seeking

to reverse or modify the underlying administrative decision must perfect a separate appeal. Therefore, we affirm the judgment of the court of appeals.

II. Facts

{¶ 2}   Appellee, AT&T Communications of Ohio, Inc., applied to the city of Cleveland for an income-tax refund for 1999 through 2002. Appellant, Nassim Lynch, the city's income-tax administrator, dismissed AT&T's application for the refund for 1999, finding that the statute of limitations on the request for the refund had expired. The administrator further determined that any refund that AT&T was claiming for tax years 2000 through 2002 was offset in part by its other tax obligations. Thus, the administrator denied AT&T's appeal in all respects.

{¶ 3}   AT&T appealed to the Cleveland Board of Income Tax Review. The board affirmed the dismissal of the taxpayer's application for a refund for 1999, agreeing that the statute of limitations had expired. However, the board determined that the administrator had erred in denying part of the taxpayer's refund for the tax years 2000 through 2002 and decided that AT&T should receive the entire refund requested for those years.

{¶ 4}   AT&T appealed the board's decision to the Cuyahoga County Court of Common Pleas, asserting that the board had erred in concluding that the statute of limitations barred AT&T's refund claim for 1999. The administrator did not file a notice of appeal. He did, however, file a brief asserting two assignments of error regarding the board's decision to order a refund for 2000, 2001, and 2002.

{¶ 5}   AT&T filed a motion to strike the administrator's assignments of error, arguing that because the administrator did not file a notice of appeal or cross-appeal, the court of common pleas lacked jurisdiction to consider his arguments. Asserting jurisdiction over AT&T's one assignment of error and the administrator's two assignments of error, the court of common pleas upheld the

2

administrator's position on all three assignments. *AT&T Communications of Ohio, Inc. v. Lynch*, C.P. No. CV-06-608252 (Nov. 4, 2009).

{¶ 6} On appeal to the court of appeals, AT&T asserted, among other assignments of error, that the court of common pleas lacked jurisdiction to consider the administrator's assignments of error because the administrator did not file a notice of appeal. The court of appeals agreed and reversed the common pleas court's judgment in favor of the administrator regarding AT&T's refund for 2000 through 2002. *AT&T Communications of Ohio, Inc. v. Lynch*, 8th Dist. No. 94320, 2011-Ohio-302, ¶ 33. The court of appeals otherwise affirmed the judgment of the court of common pleas. *Id.* at ¶ 38.

{¶ 7} The administrator appealed, and AT&T cross-appealed. We accepted the administrator's discretionary appeal for review, but we denied AT&T's cross-appeal. *AT&T Communications of Ohio, Inc. v. Lynch*, 128 Ohio St.3d 1556, 2011-Ohio-2905, 949 N.E.2d 43.

### III. Analysis

{¶ 8} We begin by examining the authority of the court of common pleas to review certain administrative decisions. "The courts of common pleas * * * shall have * * * such powers of review of proceedings of administrative officers and agencies as may be provided by law." Ohio Constitution, Article VI, Section 4(B). Pursuant to this authority, the General Assembly enacted R.C. 2506.01, which permits parties to appeal the final decisions of political subdivisions that result from a quasi-judicial proceeding in which notice, a hearing, and the opportunity for the introduction of evidence have been given. *See State ex rel. Painesville v. Lake Cty. Bd. of Commrs.*, 93 Ohio St.3d 566, 571, 757 N.E.2d 347 (2001).[1]

---

1. The instant case involves an appeal under R.C. 2506.01. However, the General Assembly has also provided for the appeal of administrative decisions in R.C. 119.12. "R.C. 119.12 concerns appeals from *state* agencies, while R.C. 2505.04, as applied through R.C. 2506.01, concerns

**{¶ 9}** R.C. 2506.01 appeals proceed in accordance with the provisions of R.C. Chapter 2505, subject to some exceptions provided in R.C. Chapter 2506. *In re Incorporation of Carlisle Ridge Village*, 15 Ohio St.2d 177, 180-182, 239 N.E.2d 26 (1968). An administrative decision of a taxing body is first appealed to the court of common pleas. R.C. 2506.01. That court's decision may then be appealed to the court of appeals. R.C. 2506.04. The appeal to the court of common pleas concerns us here.

**{¶ 10}** The administrator asserts the following proposition of law: "In a Chapter 2506 administrative appeal, the filing of a single notice of appeal vests jurisdiction in the common pleas court over the final decision of the administrative body and all issues therein without the necessity of each party filing a separate notice of appeal." Here, the administrator argues that an appellant's notice of appeal vests the court of common pleas with jurisdiction to consider any assignment of error that seeks to reverse a portion of the board's decision. We have never ruled on this exact issue.

**{¶ 11}** Citing R.C. 2506.03, the administrator asserts that the appeal of an administrative decision to a common pleas court is more akin to a trial, where "the entire matter is tried anew," than to an appeal ("The hearing of an [administrative] appeal shall proceed as in the trial of a civil action"). This language and other provisions that highlight differences between administrative appeals and appeals from court judgments, he claims, indicate that the appeal of an administrative decision to a court of common pleas really proceeds as a retrial of the administrative decision below; therefore, one notice of appeal under R.C. 2506.01 authorizes a court of common pleas to consider all issues that arise from the underlying administrative decision.

---

appeals from agencies of *political subdivisions*." (Emphasis added.) *Hanson v. Shaker Hts.,* 152 Ohio App.3d 1, 2003-Ohio-749, 786 N.E.2d 487, ¶ 14 (8th Dist.).

A.  Courts of Common Pleas Exercise Appellate

Jurisdiction under R.C. 2506.01

{¶ 12} We recognize that under R.C. 2506.03, authorizing the courts of common pleas to hold the hearing on appeal "as in the trial of a civil action," the court may admit and consider new evidence, and the court must weigh evidence on the whole record. *Cincinnati Bell, Inc. v. Glendale*, 42 Ohio St.2d 368, 370, 328 N.E.2d 808 (1975), quoting R.C. 2506.03.

{¶ 13} However, while an appeal under R.C. 2506.01 resembles a de novo proceeding, it is not de novo. *Dudukovich v. Lorain Metro. Hous. Auth.*, 58 Ohio St.2d 202, 206-207, 389 N.E.2d 1113 (1979).  There are limits to a court of common pleas review of the administrative body's decision.  For example, in weighing evidence, the court may not "blatantly substitute its judgment for that of the agency, especially in areas of administrative expertise." *Id.* at 207.  Further, new evidence is admitted in an R.C. Chapter 2506 appeal only under certain circumstances.  We have noted that an R.C. 2506.01 appeal " 'makes liberal provision for the introduction of new or additional evidence.' " *Id.* at 206-207, quoting *Cincinnati Bell v. Glendale*, 42 Ohio St.2d 368, 370, 328 N.E.2d 808 (1975).  Typically, however, a court of common pleas, in reviewing an administrative decision, is limited to the "transcript as filed," according to R.C. 2506.03, with limited exceptions involving the integrity of the evidence in the underlying proceeding. *See Court Street Dev. v. Stow City Council*, 9th Dist. No. 19648, 2000 WL 1226604, *4 (Aug. 30, 2000).  Thus, while a court of common pleas in an R.C. 2506.01 appeal may consider evidence outside the administrative record, that authority is limited.

{¶ 14} In reviewing the administrative body's decision, a court of common pleas is authorized to determine whether the agency's decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence."  R.C.

2506.04. *See also Henley v. Youngstown Bd. of Zoning Appeals,* 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000), citing *Smith v. Granville Twp. Bd. of Trustees*, 81 Ohio St.3d 608, 612, 693 N.E.2d 219 (1998), citing *Dudukovich* at 206-207. The court will then "affirm, reverse, vacate, or modify the order * * *, or remand" the underlying administrative decision under that standard of review specified in the statute. R.C. 2506.04. These standards that a court of common pleas must employ and the dispositions that it must reach are more limited than relief that could be awarded pursuant to a trial, and therefore, the administrative appeal is more akin to an appeal than a trial.

{¶ 15} Therefore, although an R.C. Chapter 2506 appeal proceeds differently from an appeal of a trial court judgment, a court of common pleas nevertheless "performs an appellate function." *Dvorak v. Athens Mun. Civ. Serv. Comm.*, 46 Ohio St.2d 99, 103, 346 N.E.2d 157 (1976). Accordingly, we find no merit in the administrator's argument that the distinctions in an R.C. 2506.01 appeal, as compared to the appeal of the judgment of a court, indicate that a single notice of appeal under R.C. 2506.01 authorizes a court of common pleas to consider an appeal by a party that has not filed a separate notice of appeal.

B. Each Party Seeking to Reverse an Administrative

Decision Must Perfect an Appeal

{¶ 16} Even though we have determined that in the appeal of an administrative decision, a court of common pleas operates more like a court of appeals than a trial court, our analysis is not yet complete. We now look to the procedure for filing an administrative appeal in a court of common pleas pursuant to R.C. 2505.04 to determine whether the filing of a single notice of appeal vests the court of common pleas with jurisdiction to consider any and all challenges to the underlying administrative decision.

{¶ 17} "Jurisdiction over an administrative appeal does not vest in a common pleas court unless and until an appeal is perfected." *John Roberts Mgt.*

*Co. v. Obetz*, 188 Ohio App.3d 362, 2010-Ohio-3382, 935 N.E.2d 493, ¶ 10 (10th Dist.). *See also Richards v. Indus. Comm.*, 163 Ohio St. 439, 444, 127 N.E.2d 402 (1955) ("Section 2505.04 is clearly a jurisdictional statute"). R.C. 2505.04 provides, "An appeal is perfected when a written notice of appeal is filed * * *." R.C. 2505.05 directs, "The notice of appeal described in section 2505.04 of the Revised Code shall * * * designate, in the case of an administrative-related appeal, the final order appealed from and whether the appeal is on questions of law or questions of law and fact." It continues, "[T]he party appealing shall be designated the appellant, and the adverse party, the appellee."

{¶ 18} "When construing a statute, we first examine its plain language and apply the statute as written when the meaning is clear and unambiguous." *MedCorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, ¶ 9. However, "[w]hen a statute is susceptible of more than one interpretation, courts seek to interpret the statutory provision in a manner that most readily furthers the legislative purpose as reflected in the wording used in the legislation." *State ex rel. Toledo Edison Co. v. Clyde*, 76 Ohio St.3d 508, 513, 668 N.E.2d 498 (1996), citing *United Tel. Co. v. Limbach*, 71 Ohio St.3d 369, 372, 643 N.E.2d 1129 (1994), and *Harris v. Van Hoose*, 49 Ohio St.3d 24, 26, 550 N.E.2d 461 (1990). Further, when interpreting a statute, courts must "avoid an illogical or absurd result." *State ex rel. Shisler v. Ohio Pub. Emps. Retirement Sys.*, 122 Ohio St.3d 148, 2009-Ohio-2522, 909 N.E.2d 610, ¶ 34 (Pfeifer, J., dissenting), citing *In re T.R.,* 120 Ohio St.3d 136, 2008-Ohio-5219, 896 N.E.2d 1003, ¶ 16.

{¶ 19} Nowhere in the aforementioned provisions is there any express indication whether a single appeal vests the court of common pleas with authority to hear any and all challenges to the underlying administrative decision. R.C. 2505.04 provides that "[a]n appeal is perfected when a written notice of appeal is filed * * *."

**{¶ 20}** We find that the purpose served in perfecting an appeal is instructive in deciding this issue. "The purpose of a notice of appeal * * * is to '* * * apprise the opposite party of the taking of an appeal.' " *Maritime Mfrs., Inc. v. Hi–Skipper Marina*, 70 Ohio St.2d 257, 259, 436 N.E.2d 1034 (1982), quoting *Capital Loan & Sav. Co. v. Biery*, 134 Ohio St. 333, 339, 16 N.E.2d 450 (1938). " 'If this is done beyond (the) danger of reasonable misunderstanding, the purpose of the notice of appeal is accomplished.' " *Maritime Mfrs*. at 259, quoting *Couk v. Ocean Acc. & Guar. Corp*., 138 Ohio St. 110, 116, 33 N.E.2d 9 (1941). Thus, a notice of appeal "serves to satisfy due process concerns by 'ensur[ing] that the filing provides sufficient notice to other parties and the courts.' " (Bracketing added in *Glover*.) *United States v. Glover*, 242 F.3d 333, 336 (6th Cir.2001), quoting *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992). We will rely on the purpose behind the notice requirement as our only guidance and uphold the judgment of the appellate court.

**{¶ 21}** While *Maritime Mfrs*. applied the rules of appellate procedure and addressed the appeal of a trial court's judgment to a court of appeals, we have similarly held that the filing of a notice of appeal in an R.C. 2506.01 administrative appeal serves the purpose of informing the opposing party of the taking of an appeal. *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm*., 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 29.

**{¶ 22}** An appeal of an administrative decision to a court of common pleas alerts the opposing party that an appeal of the underlying decision is being taken. Requiring an appellee who seeks to change or reverse a portion of the decision to file a separate appeal also serves that purpose. Accordingly, we hold that in an administrative appeal to a court of common pleas pursuant to R.C. 2506.01, each party seeking to reverse or modify the underlying administrative decision must perfect a separate appeal in order to vest the common pleas court with jurisdiction to review each party's respective assignments of error.

IV. Conclusion

**{¶ 23}** In the instant case, AT&T perfected an appeal of the administrative decision in the court of common pleas, setting forth a single assignment of error that pertained to the 1999 refund request. The administrator did not perfect an appeal in the court of common pleas, but in his appeal brief, he asserted two assignments of error that sought reversal of the board's decision regarding the taxpayer's refund request for 2000 through 2002. Because the administrator failed to perfect a separate appeal, the common pleas court lacked jurisdiction to consider the administrator's assignments of error. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

McDonald Hopkins, L.L.C., Richard C. Farrin, and Thomas M. Zaino, for appellee.

Robert J. Triozzi, Cleveland Law Director, and Linda L. Bickerstaff, Assistant Law Director, for appellant.

_____