[Cite as *Douglas v. Lakemore*, 2023-Ohio-4399.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| TRACY DOUGLAS | C.A. No. 30770 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| VILLAGE OF LAKEMORE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CV-2021-07-2297 |

DECISION AND JOURNAL ENTRY

Dated: December 6, 2023

SUTTON, Presiding Judge.

**{¶1}** Defendant-Appellant, Village of Lakemore, appeals from the judgment of the Summit County Court of Common Pleas. This Court reverses.

I.

**Relevant Background**

**{¶2}** This appeal arises from the Village of Lakemore's censuring of Mr. Douglas, an elected council member, at a regularly held meeting of Village Council through Resolution No. 7083-2021. The resolution was presented at a Village Council meeting and immediately voted upon as an emergency measure. Resolution No. 7083-2021 states, in relevant part:

> **A RESOLUTION CENSURING COUNCILMEMBER TRACY DOUGLAS FOR INAPPROPRIATE CONDUCT AND EXPLICITLY STATING THAT HE LACKS AUTHORITY TO ACT ON BEHALF OF OR BIND THE VILLAGE OF LAKEMORE.**

Resolution No. 7083-2021 indicated Mr. Douglas made statements regarding a pending lawsuit involving a Village police officer and the measures he could or would take to address the matter

in his official capacity as a member of Village Council. Resolution No. 7083-2021 further placed the Village on notice that Mr. Douglas' "views are purely his own, he does not speak for the Village of Lakemore, and he has no authority to bind, negotiate, or otherwise take any action on behalf of the Village of Lakemore as a political subdivision."

{¶3} Pursuant to R.C. 2506.01, Mr. Douglas appealed the passage of Resolution No. 7083-2021 to the Summit County Court of Common Pleas. The Village of Lakemore filed a motion to dismiss, pursuant to Civ.R. 12(B)(1), alleging the trial court lacked subject matter jurisdiction because the passage of Resolution No. 7083-2021 was not an administrative decision from a quasi-judicial proceeding. Mr. Douglas opposed the motion to dismiss and the Village replied in support of dismissal. The trial court denied the Village's motion to dismiss. In so doing, the trial court reasoned:

> In this case, [the Village] claims it was not a quasi-judicial hearing. This [c]ourt does not agree. The resolution specifically states, in bold lettering, that Mr. Douglas was being "censured" for his "inappropriate conduct[.]" It also states that Mr. Douglas engaged in specific conduct and sought to censure him publicly for that alleged conduct. Based upon the Complaint and the [r]esolution attached thereto, on its face and considering the matter in the light most favorable to [Mr. Douglas], it appears the council engaged in some sort of proceedings wherein Mr. Douglas and his alleged actions were discussed and a decision was made to censure him.

{¶4} The Village then moved for reconsideration arguing it was not required, pursuant to R.C. 731.45, to provide Mr. Douglas with notice and an opportunity to be heard with regard to a censure. The Village further argued because there was no legal requirement for a quasi-judicial proceeding, and a quasi-judicial proceeding was not had, the trial court lacked subject matter jurisdiction over this matter. The trial court denied the Village's motion and set a briefing schedule for Mr. Douglas' administrative appeal.

{¶5} Upon review of the parties' arguments, the trial court issued a decision vacating Resolution No. 7083-2021 because R.C. 731.45 did not give the Village Council free reign to "censure" Mr. Douglas[.]"

{¶6} The Village now appeals raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

**THE COMMON PLEAS COURT ERRED IN EXERCISING SUBJECT MATTER JURISDICTION OVER THE PURPORTED R.C. CHAPTER 2506 APPEAL FILED BY [MR.] DOUGLAS AND FAILED TO GRANT THE VILLAGE'S MOTION TO DISMISS.**

{¶7} In its sole assignment of error, the Village argues the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction because Chapter 2506 appeals may only be taken from a final decision made during a quasi-judicial proceeding.

{¶8} "Subject matter jurisdiction refers to the power of a court to hear and decide a case on the merits." *Pugh v. Cap. One Bank (USA) NA*, 9th Dist. Lorain No. 20CA011643, 2021-Ohio-994, ¶ 10, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998), citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus. "A complaint may only be dismissed under Civ.R. 12(B)(1) when it raises no cause of action that is cognizable by the forum." *Id*. quoting *Jones v. Summit Cty. Job & Family Servs*., 9th Dist. Summit No. 27708, 2016-Ohio-4940, ¶ 5, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). *See also Bringheli v. Parma City School Dist. Bd. of Edn*., 8th Dist. Cuyahoga No. 91064, 2009-Ohio-3077, ¶ 10 ("The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) * * * is whether the plaintiff has alleged any cause of action over which the court has authority to decide.").

{¶9} R.C. 2506.01 states:

(A) Except as otherwise provided in sections 2506.05 to 2506.08 of the Revised Code, and except as modified by this section and sections 2506.02 to 2506.04 of the Revised Code, every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code.

(B) The appeal provided in this section is in addition to any other remedy of appeal provided by law.

(C) As used in this chapter, *"final order, adjudication, or decision" means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person*, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding.

(Emphasis added.) "R.C. 2506.01 permits parties to appeal the final decisions of political subdivisions 'that result from a quasi-judicial proceeding in which notice, a hearing, and the opportunity for the introduction of evidence have been given." *State ex rel. Mun. Constr. Equip. Operators' Lab. Council v. Cleveland*, 141 Ohio St.3d 113, 2014-Ohio-4364, ¶ 33, quoting *AT & T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, ¶ 8. Additionally, "whether a proceeding is a quasi-judicial one from which an R.C. 2506.01 appeal may be taken depends upon what the law requires the agency to do, not what the agency actually does." *Id.* ¶ 36. Further, "[w]hen there is no requirement for notice, hearing, or an opportunity to present evidence, the proceedings are not quasi-judicial." *Id.*, citing *M.J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150 (1972), paragraph two of the syllabus. "Despite the broad language of Section 2506.01, the Ohio Supreme Court [] held that the jurisdiction granted by that section does not include jurisdiction to review actions of legislative bodies: 'The Administrative Appeals Act (Chapter 2506, Revised Code), providing for appeals from actions of administrative officers, tribunals and commissions, does not permit appeals from acts of legislative bodies.'" *Shaheen v. Cuyahoga Falls*

*City Council*, 9th Dist. Summit No. 24472, 2010-Ohio-640, ¶ 15, quoting *Berg v. City of Struthers*, 176 Ohio St. 146, 146-47 (1964).

{¶10} In the present matter, the record reveals Lakemore Village Council passed Resolution No. 7083-2021 to censure Mr. Douglas for speaking in his official capacity, as a council member, regarding a pending lawsuit involving a Village police officer. Resolution No. 7083-2021 advised the public that Mr. Douglas' personal opinion does not reflect the collective opinion of the public body and Mr. Douglas does not have the authority to act on behalf of the Village Council. Further, Lakemore Village Council did not engage in a quasi-judicial proceeding, nor was it required to do so under Ohio law, prior to passing Resolution No. 7083-2021.

{¶11} Indeed, "[a] legislative act is presumed in law to be within the constitutional power of the body making it, whether that body be a municipal or a state legislative body." *City of Xenia v. Schmidt*, 101 Ohio St. 437 (1920). Further, Resolution No. 7083-2021 is not "a regulation of a general and permanent nature [] enforceable as a local law as it represents little more than the [Village] Council's opinion regarding the propriety of [Mr. Douglas'] activities." (Internal citations and quotations omitted.) *Little v. City of N. Miami*, 805 F.2d 962, 966 (11th Cir.1986).

{¶12} Therefore, because Lakemore Village Council's passage of Resolution No. 7083-2021 is a legislative act, and not a quasi-judicial proceeding, the trial court did not have subject matter jurisdiction over Mr. Douglas' R.C. 2506.01 administrative appeal.

{¶13} Accordingly, the Village of Lakemore's assignment of error is sustained.

### III.

{¶14} The Village of Lakemore's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and remanded for proceedings consistent with this decision.

Judgment reversed;
cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETTY SUTTON
FOR THE COURT

CARR, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

JOHN D. LATCHNEY, Attorney at Law, for Appellant.

JOHN CHAPMAN, Attorney at Law, for Appellee.