[Cite as *Nippon Sushi & Steak, L.L.C. v. Ohio Liquor Control Comm.*, 2024-Ohio-2341.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Nippon Sushi and Steak LLC, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-527 |
| v. | : | (C.P.C. No. 23CV-4453) |
| Ohio Liquor Control Commission, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on June 18, 2024

**On brief:** *Joseph Law, Ltd.*, and *Hassanayn Joseph*, for appellant. **Argued:** *Hassanayn Joseph*.

**On brief:** *Dave Yost*, Attorney General, and *Yosef Schiff*, for appellee. **Argued:** *Joseph E. Schmansky*.

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Plaintiff-appellant, Nippon Sushi and Steak LLC ("Nippon"), appeals the judgment of the Franklin County Court of Common Pleas, dismissing for lack of subject-matter jurisdiction Nippon's administrative appeal from two orders by defendant-appellee, the Ohio Liquor Control Commission (the "commission"). For the following reasons, we affirm the common pleas court's judgment.

## I. PROCEDURAL HISTORY

{¶ 2} Following hearings held on May 11, 2023, the commission issued two orders against Nippon, an Ohio liquor permit holder, in case Nos. 868-23 and 869-23. In case No. 868-23, the commission found Nippon had violated R.C. 4301.69 by furnishing alcohol to an underage person, had violated Ohio Adm.Code 4301:1-1-52(B) by allowing persons to engage in disorderly activities in and upon its permit premises, and had violated Ohio

Adm.Code 4301:1-1-52(B)(3) by allowing persons to engage in sexual activity in and upon its permit premises.  For those violations, the commission ordered Nippon to pay a $10,000 forfeiture by June 22, 2023, or the commission would revoke Nippon's liquor permit effective June 29, 2023.  In case No. 869-23, the commission found Nippon had violated R.C. 4301.22(D) by giving away beer and/or intoxicating liquor in and upon its permit premises, in connection with its business.  The commission ordered Nippon to pay a forfeiture of $2,000 by June 22, 2023, or the commission would revoke Nippon's liquor permit effective June 29, 2023.  The commission mailed both orders on June 1, 2023.

{¶ 3} Each of the commission's orders contained a notice of Nippon's appeal rights, as follows:

> Respondent is hereby notified this Order may be appealed pursuant to Ohio Revised Code Section 119.12 by filing a Notice of Appeal with the Ohio Liquor Control Commission, setting forth the Order appealed from and the grounds of the appeal. A copy of such Notice shall also be filed with the Court of Common Pleas with competent jurisdiction.  Such Notices of Appeal must be filed within twenty-one (21) days after the mailing date of this order.

(June 22, 2023 Notice of Appeal at 4.)

{¶ 4} Nippon timely filed a notice of appeal with the Franklin County Court of Common Pleas on June 22, 2023.  The notice of appeal stated that the commission's orders were not supported by reliable, probative, and substantial evidence and were not in accordance with law.  The same day, Nippon mailed its notice of appeal to the commission by certified mail.  The commission received Nippon's notice of appeal on June 29, 2023.

{¶ 5} The commission filed a motion to dismiss Nippon's appeal for lack of subject-matter jurisdiction, arguing that, because the commission did not receive Nippon's notice of appeal within 21 days after it mailed the underlying orders, Nippon failed to timely serve its notice of appeal on the commission.  The common pleas court granted the commission's motion and dismissed the appeal on August 2, 2023, noting that Nippon had not filed a timely memorandum in opposition to the commission's motion.  The court held that it lacked jurisdiction because Nippon did not file its notice of appeal with the commission within 21 days after the commission mailed its orders, as required by R.C. 119.12(D) and 4301.28(C). Later the same day, Nippon filed a memorandum in opposition to the

commission's motion to dismiss, in which it argued that it had complied with the statutory requirements for perfecting its appeal, citing telephone calls and emails to the commission asking about an extension to the 21-day deadline and purportedly informing the commission that Nippon "would appeal" the commission's orders.  (Aug. 2, 2023 Mot. in Opp. to Appellee's Mot. to Dismiss at 3.)

{¶ 6}    On August 3, 2023, Nippon filed a motion for reconsideration of the court's judgment granting the commission's motion to dismiss, and on August 7, 2023, Nippon filed a motion for relief from judgment under Civ.R. 60(B)(5).  In both motions, Nippon argued solely that it's time to respond to the commission's motion to dismiss had not elapsed when the court issued its judgment entry and that the court erroneously failed to consider Nippon's memorandum in opposition.  Nippon did not argue in either motion that the court erred by concluding that it lacked jurisdiction because Nippon had not timely filed a notice of appeal with the commission, although it did make that argument in its memorandum in opposition to the commission's motion to dismiss.  The common pleas court has not ruled on Nippon's motions for reconsideration and relief from judgment.

{¶ 7}    Nippon timely appealed the common pleas court's entry of dismissal and now raises two assignments of error.  In the first assignment of error, Nippon asserts that the common pleas court erred by granting the commission's motion to dismiss without affording Nippon the time allowed by Civ.R. 6(C) and Loc.R. 53 to respond to that motion.  In the second assignment of error, Nippon asserts that the common pleas court erred by not considering Nippon's motions for reconsideration and relief from judgment.

## II.  ANALYSIS

### A.  Assignment of error one

{¶ 8}    Under its first assignment of error, Nippon challenges the common pleas court's judgment granting the commission's motion to dismiss.  Specifically, Nippon argues that the court erred by dismissing the appeal before the expiration of time in which Nippon was entitled to respond to the commission's motion to dismiss.  Nippon maintains that it had 28 days in which to respond to the commission's motion and that, by granting the motion before the expiration of the response period, the court erred and violated Nippon's right to due process.  However, because the premise of Nippon's argument—that it had 28 days in which to respond to the commission's motion to dismiss—is faulty, we reject

Nippon's contention that the common pleas court erred by ruling on the commission's motion when it did.

{¶ 9} Civ.R. 6(C)(1) sets out the general time frame for responding to a written motion. It states, "[r]esponses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion. Responses to motions for summary judgment may be served within twenty-eight days after service of the motion." The language regarding deadlines for responding to motions was added to Civ.R. 6(C) by amendment in 2019. The Staff Notes to the 2019 amendment state that the purpose of the amendment was to "eliminat[e] confusion and creat[e] consistency by providing uniform statewide deadlines," in contrast to the preexisting "differing deadlines for responding to motions imposed by the numerous local rules of Ohio trial courts." 2019 Staff Notes, Civ.R. 6.

{¶ 10} Interpretation of court rules, including the Rules of Civil Procedure, requires courts to apply general principles of statutory construction. *Erwin v. Bryan*, 125 Ohio St.3d 519, 2010-Ohio-2202. " 'If a court rule is unambiguous, we apply it as written.' " *Id*. at ¶ 22, quoting *State ex rel. Potts v. Comm. on Continuing Legal Edn.*, 93 Ohio St.3d 452, 456 (2001). A court "may not ignore the plain language of a rule in order to assist a party who has failed to comply with a rule's specific requirements." *Laneve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, ¶ 23, citing *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, ¶ 16. Civ.R. 6(C)(1) is clear and unambiguous. The commission's motion was a motion to dismiss for lack of subject-matter jurisdiction under Civ.R. 12(B)(1), not a motion for summary judgment under Civ.R. 56. By its plain and unambiguous language, Civ.R 6(C)(1) afforded Nippon 14 days in which to respond to the commission's motion.

{¶ 11} Despite the plain language of Civ.R. 6(C)(1), which provides for an extended 28-day response period only with respect to motions for summary judgment, Nippon argues, based on Loc.R. 53.01, that the general 14-day time frame stated in Civ.R. 6(C)(1) is inapplicable here. Loc.R. 53.01 addresses dispositive motions and the time in which they may be filed, and it grants parties leave to file motions for summary judgment prior to the dispositive motion deadline. It states, in pertinent part:

> All motions, including but not limited to summary judgment, judgment on the pleadings, and to dismiss, which seek to

> determine the merits of any claim or defense as to any or all parties shall be considered a dispositive motion. * * * All dispositive motions shall be filed no later than the date specified in the Case Schedule. Pursuant to Civ.R. 56(A), leave is hereby granted in all civil cases to file summary judgment motions between the time of filing and the dispositive motion date, unless the Trial Judge decides otherwise by setting a different date.

There is no language in Loc.R. 53.01 that addresses the timing of responses to motions.

**{¶ 12}** Nippon focuses on the first sentence of Loc.R. 53.01 and argues that, because the local rule defines both motions for summary judgment and motions to dismiss as dispositive motions, they must be treated the same under Civ.R. 6(A)(1), such that the extended 28-day response time for motions for summary judgment must likewise apply to motions to dismiss (at least in Franklin County, where Loc.R. 53.01 applies). Not only does Nippon's suggestion that Loc.R. 53.01 extends the time to respond to a motion to dismiss in Franklin County diverge from the unambiguous meaning of Civ.R. 6(C)(1)'s directive, but it is also directly contrary to the stated purpose of Civ.R. 6(C)(1), as amended in 2019, to provide uniform statewide deadlines for responding to motions. Moreover, even were we to agree with Nippon that Loc.R. 53.01 creates a response time for a motion to dismiss that is different from the response time provided in Civ.R. 6(C)(1), operation of the local rule would have to give way to operation of the civil rule. *See Colosimo v. Kane*, 8th Dist. No. 101053, 2015-Ohio-3337, ¶ 42.

**{¶ 13}** Civ.R. 6(C)(1) could have created a 28-day response time that applies to all dispositive motions, but it did not. It instead carved out from the general 14-day response time only responses to one variety of dispositive motions—motions for summary judgment.[1] Because the commission filed a motion to dismiss under Civ.R. 12(B)(1), not a motion for summary judgment under Civ.R. 56, Nippon's response time was 14 days after service of the motion. Thus, the common pleas court correctly determined that Nippon had

---

[1] Extending the time to respond to a motion for summary judgment beyond the time to respond to other dispositive motions is reasonable. Other dispositive motions, like Civ.R. 12(B)(6) motions to dismiss or Civ.R. 12(C) motions for judgment on the pleadings, limit the court's consideration to matters contained in the pleadings themselves, whereas as motions for summary judgment require consideration of evidence. If a movant for summary judgment discharges its initial burden, the responding party must point to specific facts, by affidavit or as otherwise provided in Civ.R. 56, showing that a genuine issue exists for trial, *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997), which may understandably justify the provision of additional time to obtain those evidentiary materials.

not responded to the motion to dismiss within the allotted time, and its August 2, 2023 dismissal entry did not deny Nippon the opportunity to timely respond to the commission's motion.

{¶ 14} Although Nippon's first assignment of error broadly challenges the common pleas court's judgment of dismissal, Nippon does not specifically address in its appellate brief the basis for the dismissal—the court's determination that Nippon did not file a notice of appeal with the commission within the mandatory time provided under R.C. 119.12(D) and 4301.28(C). Nevertheless, we briefly address that question and conclude that the common pleas court correctly concluded that it lacked jurisdiction over Nippon's appeal.

{¶ 15} A party appealing an administrative order must strictly comply with the jurisdictional filing requirements prescribed in R.C. 119.12. *L & F Tavern, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-873, 2010-Ohio-1025, ¶ 16. In an administrative appeal of an agency's order, an appellant's failure to comply with the time requirements for filing a notice of appeal deprives the common pleas court of jurisdiction. *Jones v. Ohio Motor Vehicle Dealers Bd.*, 10th Dist. No. 12AP-785, 2013-Ohio-1212, ¶ 8, citing *Sun Refining & Marketing Co. v. Brennan*, 31 Ohio St.3d 306, 307 (1987) (further citations omitted).

{¶ 16} R.C. 119.12(D) states, in part:

> Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and stating that the agency's order is not supported by reliable, probative, and substantial evidence and is not in accordance with law. * * * Unless otherwise provided by law relating to a particular agency, notices of appeal shall be filed within fifteen days after the service of the notice of the agency's order as provided in this section.

A liquor permit holder "desiring to file a notice of appeal under [R.C.] 119.12 * * * with respect to any order of the [liquor control] commission" must "do so within twenty-one days after the mailing of the notice of the commission's order." R.C. 4301.28(C).

{¶ 17} R.C. 119.12(D) and 4301.28(C), in concert, required Nippon to file a notice of appeal with the commission within 21 days after the commission mailed its orders on June 1, 2023. Nippon was therefore required to file its notice of appeal with the commission on or before June 22, 2023. Although Nippon mailed its notice of appeal to

the commission by certified mail on June 22, 2023, the commission did not receive the notice of appeal until June 29, 2023. "Depositing the notice of appeal in the mail does not constitute a filing under R.C. 119.12. To be timely filed, a notice of appeal must be *received* within the time period set forth in R.C. 119.12." (Emphasis added.) *State ex rel. DeMatteo v. State Teachers Retirement Sys.*, 10th Dist. No. 17AP-678, 2018-Ohio-3635, ¶ 33. Because the commission did not receive Nippon's notice of appeal on or before June 22, 2023, Nippon did not perfect its appeal, and the common pleas court lacked jurisdiction to hear it.

{¶ 18} For these reasons, the common pleas court did not err in granting the commission's motion to dismiss. Accordingly, we overrule Nippon's first assignment of error.

### B. Assignment of error two

{¶ 19} In the second assignment of error, Nippon argues that the common pleas court erred by not considering its motion for reconsideration and motion for relief from judgment, both of which were filed after the court issued its final order granting the commission's motion to dismiss. We disagree.

{¶ 20} The common pleas court's failure to rule on Nippon's motion for reconsideration does not constitute error, because "motions for reconsideration of a final judgment in the trial court are a nullity." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981). The Ohio Rules of Civil Procedure "specifically limit relief from judgments to motions expressly provided for" within those rules, whereas a motion for reconsideration "is conspicuously absent" from the civil rules. *Id.* at 380. In *Pitts*, the Supreme Court of Ohio held that a motion for reconsideration filed in the Franklin County Court of Common Pleas after that court dismissed an R.C. 119.12 administrative appeal for lack of subject-matter jurisdiction was a nullity. *Id.* at 381.

{¶ 21} Despite the Supreme Court's holding in *Pitts*, at least one Ohio appellate district has expressly held that a party to an administrative appeal in the common pleas court may file a motion for reconsideration of the court's final judgment pursuant to App.R. 26(A). *See Miller v. Saints Peter & Paul School*, 126 Ohio App.3d 762, 764 (11th Dist.1998). In *Miller*, the Eleventh District held that, because the common pleas court functions as an appellate court in the context of an administrative appeal, the Ohio Rules of Appellate

Procedure, rather than the civil rules, apply. *Id.* App.R. 26(A) provides for an "[a]pplication for reconsideration of any cause or motion submitted on appeal."

{¶ 22} This court, however, has expressly rejected the Eleventh District's holding in *Miller* as contrary to the binding precedent of *Pitts. See Breckenridge v. Ohio State Bd. of Nursing*, 10th Dist. No. 10AP-102, 2010-Ohio-3291, ¶ 8. We stated, "we remain bound by the Supreme Court of Ohio's determination in *Pitts*, which was itself an appeal from an administrative agency. 'The *Pitts* court made no exception for reconsideration in administrative appeals where the trial court acts as an appellate court.' " *Id.*, quoting *Luna v. Ohio Dept. of Job & Family Servs.*, 6th Dist. No. L-02-1146, 2002-Ohio-6359, ¶ 6; *see also Cleveland Bd. of Zoning Appeals v. Abrams*, 186 Ohio App.3d 590, 2010-Ohio-1058, ¶ 29 (8th Dist.). Now more than 20 years after our decision in *Breckenridge*, we continue to be bound by the undisturbed holding in *Pitts* and must conclude that Nippon's motion for reconsideration of the common pleas court's final order of dismissal is a nullity.

{¶ 23} Turning now to Nippon's Civ.R. 60(B) motion for relief from judgment, we likewise find no error in the trial court's inaction on that motion, because relief from judgment under Civ.R. 60(B) is not available in an administrative appeal. *See Griffin v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 11AP-1126, 2012-Ohio-3655, ¶ 6.

{¶ 24} An administrative appeal under R.C. Chapter 119 is a special statutory proceeding. *State ex rel. CannAscend Ohio LLC v. Williams*, 10th Dist. No. 18AP-820, 2020-Ohio-359, ¶ 45. Civ.R. 1(C) provides, "to the extent that they would by their nature be clearly inapplicable," the Ohio Rules of Civil Procedure "shall not apply to procedure: (1) upon appeal to review any judgment, order or ruling * * * [or] (8) in * * * special statutory proceedings." Civ.R. 1(C). R.C. 119.12(O) limits review of the common pleas court's judgment in an administrative appeal to a further appeal, stating the court's judgment "shall be final and conclusive unless reversed, vacated, or modified *on appeal*." (Emphasis added.) By precluding vacation or modification of a judgment other than on appeal, R.C. 119.12(O) "renders Civ.R. 60(B) 'clearly inapplicable' to R.C. 119.12 appeals." *Griffin* at ¶ 6. " 'Because a motion for relief from judgment under Civ.R. 60(B) is inconsistent with this specific statutory provision and because R.C. 119.12 does not provide for a motion for relief from judgment of a court on an administrative appeal, Civ.R. 60(B) does not apply to administrative appeals." *Scott v. Akron Hous. Appeals Bd.*, 9th Dist. No. 29163, 2019-

Ohio-5333, ¶ 14, quoting *Buchler v. Ohio Dept. of Commerce*, 110 Ohio App.3d 20, 22 (8th Dist.1996). Accordingly, the common pleas court lacked authority to consider Nippon's Civ.R. 60(B) motion for relief from judgment.

**{¶ 25}** For these reasons, we overrule Nippon's second assignment of error.

## III. CONCLUSION

**{¶ 26}** Having overruled both of Nippon's assignments of error and having concluded that Nippon failed to perfect its appeal and to vest the common pleas court with jurisdiction over this matter, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and JAMISON, JJ., concur.