[Cite as *Hamblin v. Trustees of St. Clair Twp.*, 2024-Ohio-2525.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| MICHAEL HAMBLIN, | : | |
| Appellant, | : | CASE NO. CA2024-02-035 |
| | : | O P I N I O N |
| - vs - | | 7/1/2024 |
| | : | |
| TRUSTEES OF ST. CLAIR TOWNSHIP, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2021 12 1894

Freking Myers & Reul, LLC, and Niroshan M. Wijesooriya, for appellant.

Michael T. Gmoser, Butler County Prosecuting Attorney, and Kevin J. Gerrity, Assistant Prosecuting Attorney, for appellee.

**S. POWELL, P.J.**

{¶ 1} Appellant, Michael Hamblin, appeals the decision of the Butler County Court of Common Pleas denying his motion for relief from judgment brought pursuant to Civ.R. 60(A), (B)(1) and (5). For the reasons outlined below, and when properly construing Hamblin's motion for relief from judgment as a motion for reconsideration, we reverse the common pleas court's decision and remand this matter to the common pleas court for

further proceedings.

**{¶ 2}** On December 16, 2021, Hamblin filed with the common pleas court a notice of appeal from an administrative decision of appellee, the Board of Township Trustees of St. Clair Township, terminating his employment with the St. Clair Township-New Miami Life Squad effective July 12, 2021. This appeal followed a two-day termination hearing held on September 13, and November 22, 2021, upon which a final decision was made to terminate Hamblin's employment pursuant to the St. Clair Township-New Miami Life Squad's standard operating procedures. Hamblin filed his appeal with the common pleas court pursuant to R.C. 505.38(A), a statute that allows firefighters to appeal their termination to the court.[1]

**{¶ 3}** On January 10, 2022, Hamblin's original attorney, Jeffrey Silverstein, filed his notice of appearance with the common pleas court. Approximately two months later, on March 9, 2022, Hamblin's backup attorney, Niroshan Wijesooriya, also filed his notice of appearance with the common pleas court. There is no dispute that Attorney Wijesooriya was added due to concerns regarding Attorney Silverstein's ability to remain on the case following an emergency health scare that required Attorney Silverstein's hospitalization. There is also no dispute that, at all times relevant, Attorneys Silverstein and Wijesooriya were employed with the same law firm, one in the firm's Dayton office and the other in the firm's Cincinnati office.

**{¶ 4}** On March 25, 2022, the common pleas court scheduled the matter for a status report hearing to take place on the morning of April 28, 2022. A clerk attempted to send notice of that hearing to both Attorneys Silverstein and Wijesooriya at their respective law offices via ordinary mail. However, as the record indicates, both mailing

---

1. The parties disagree as to whether Hamblin was employed with the St. Clair Township-New Miami Life Squad as a firefighter or merely as a paramedic.

addresses that the clerk used to send that notice to Attorneys Silverstein's and Wijesooriya's respective offices were incorrect. Nevertheless, the record indicates that the clerk also emailed the notice to Attorney Wijesooriya at his office email address and that, upon Attorney Wijesooriya's receipt of that email, Attorney Wijesooriya forwarded it on to a paralegal within his office to review.

{¶ 5} On April 8, 2022, Hamblin moved the common pleas court for leave to file instanter a motion requesting the court grant him permission to file additional evidence in support of his appeal. Ten days later, on April 18, 2022, a common pleas court magistrate issued an order granting Hamblin his requested leave. In so doing, the magistrate noted that the court would consider whether Hamblin's motion seeking permission to file additional evidence in support of his appeal as if it had been properly filed. The magistrate also noted that the board had seven days in which to respond to Hamblin's motion requesting permission to file that additional evidence.

{¶ 6} On April 28, 2022, neither of Hamblin's two attorneys, Attorney Silverstein or Attorney Wijesooriya, appeared before the common pleas court for that morning's status report hearing. Counsel for the board, however, did. The record does not contain a transcript of what transpired at this hearing. The record does indicate, however, that counsel for the board moved to have Hamblin's appeal dismissed for want of prosecution under Civ.R. 41(B)(1).

{¶ 7} On May 10, 2022, and seemingly in response to the board's motion, the common pleas court issued an order summarily dismissing Hamblin's appeal "without prejudice" for want of prosecution. Eight days later, on May 18, 2022, Hamblin filed a motion for relief from the common pleas court's judgment of dismissal. Rather than as a motion for reconsideration, Hamblin instead filed his motion pursuant to Civ.R. 60(A), (B)(1) and (5).

- 3 -

{¶ 8}   To support his motion, Hamblin initially argued that he was entitled to relief because, had notice of the court's upcoming status report hearing simply been mailed to Attorneys Silverstein's and Wijesooriya's correct addresses, "it is possible that the staff in Mr. Silverstein's office would have calendared the April 28, 2022 [hearing] and it would have been added to Mr. Wijesooriya's calendar."  Hamblin also argued, in pertinent part, the following:

> Mr. Wijesooriya received an email from the clerk of court's office asking him to update his address, with the Notice of the 4/28/2[2] Report date attached.  Mr. Wijesooriya forwarded the email to a paralegal in the office who filed a Notice of Appearance, but failed to register the Report date in the Notice, and thus failed to add it to his calendar.

{¶ 9}   Hamblin argued that this "oversight" was nothing more than "human error" that should be excused under these circumstances.  Hamblin also argued that the interests of justice and fairness required the common pleas court to provide him with relief from its judgment of dismissal by reinstating his appeal so that it could be decided on the merits.  The common pleas court failed to issue a decision on Hamblin's motion for several months.  Given this delay, on October 31, 2022, Hamblin refiled his administrative appeal with the common pleas court pursuant to R.C. 505.38.

{¶ 10} On August 30, 2023, the common pleas court dismissed Hamblin's refiled appeal upon finding it was not timely filed as required by either R.C. 505.38 or 2505.07. Within that decision, the court seemingly determined that its decision dismissing Hamblin's originally filed appeal "without prejudice" was an "oxymoron and inoperative" based on the Eighth District Court of Appeals' decision in *McCann v. Lakewood*, 95 Ohio App.3d 226, 231-233 (8th Dist. 1994).  By separate entry issued contemporaneously with this opinion, Hamblin's appeal of that decision has been dismissed as moot.  *See Hamblin v. Board of Township Trustees of St. Clair Township*, 12th Dist. No. CA2023-09-110 (July

- 4 -

1, 2024) (Accelerated Calendar Judgment Entry).

{¶ 11} On February 2, 2024, nearly two years after Hamblin had filed his motion for relief from the court's judgment of dismissal, the common pleas court issued an entry denying Hamblin's motion. The court issued this entry approximately one week after Hamblin had petitioned this court for a writ of mandamus and/or a writ of procedendo to compel the court to issue a decision on his motion for relief from judgment brought pursuant to Civ.R. 60(A), (B)(1) and (5). In its entry, the common pleas court noted that Hamblin had admitted within his motion that Attorney Wijesooriya had received notice via email of the April 28, 2022 status report hearing. The court also noted that, despite having already dismissed Hamblin's refiled appeal as untimely, because the dismissal of Hamblin's originally filed appeal was purportedly done "without prejudice," Hamblin was "free to re file [his] case" once he was ready and able to proceed on the matter, something that Hamblin had, in fact, done on October 31, 2022.

{¶ 12} On February 29, 2024, Hamblin filed a timely notice of appeal from the common pleas court's February 2, 2024 decision. Following briefing from both parties, oral argument took place before this court on June 3, 2024. Hamblin's appeal now properly before this court for decision, Hamblin has raised the following single assignment of error for review.

{¶ 13} THE TRIAL COURT ERRED IN DENYING APPELLANT'S CIV.R. 60 MOTION FOR RELIEF FROM JUDGMENT.

{¶ 14} Hamblin argues the common pleas court erred by denying his motion for relief from judgment brought pursuant to Civ.R. 60(A), (B)(1) and (5). However, before addressing Hamblin's specific argument, we must first determine whether Ohio's Rules of Civil Procedure are applicable to administrative appeals like the one brought by Hamblin in this case. For the reasons outlined below, and insofar as it relates to motions

- 5 -

for relief from judgment brought pursuant to either Civ.R. 60(A) or (B), we find that they are not.

{¶ 15} R.C. 2506.04 provides that, in an administrative appeal, "[t]he judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure" and, to the extent not in conflict with those rules, R.C. Chapter 2505. Thus, given the plain language of the statute, neither Civ.R. 60(A) nor (B) provide an alternative method to challenge the court's judgment other than appealing the matter to the appropriate court of appeals. This is because, when conducting its review of administrative matters, the common pleas court is sitting as an appellate court tasked with weighing the evidence and determining whether the administrative decision being appealed is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04.

{¶ 16} "The Civil Rules apply to all legal proceedings except 'special statutory' proceedings where they are 'clearly inapplicable.'" *Gordon v. Mt. Carmel Farms, LLC*, 2024-Ohio-1313, ¶ 37 (12th Dist.), quoting Civ.R. 1(C). "An administrative appeal filed pursuant to statute is a special statutory proceeding." *Middlebrook v. United Collection Bureau, Inc.*, 2017-Ohio-8587, ¶ 8 (10th Dist.). Moreover, as noted by the Ohio Supreme Court, "[an] administrative appeal is more akin to an appeal than a trial." *AT&T Communications of Ohio, Inc. v. Lynch*, 2012-Ohio-1975, ¶ 14. Therefore, because neither Civ.R. 60(A) nor (B) apply in administrative appeals such as this, it was improper for Hamblin to style his motion as a Civ.R. 60 motion for relief from judgment. What Hamblin intended to file, and what the common pleas court should have construed Hamblin's motion as, was a motion for reconsideration.

{¶ 17} Generally, motions for reconsideration in the common pleas court are a

nullity. *See Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 380 (1981). However, as noted above, "the rules of Appellate Procedure can be applied to administrative appeals when they are relevant and not in conflict with Chapter 2505 of the Revised Code." *Miller v. Sts. Peter & Paul School*, 126 Ohio App.3d 762, 764 (11th Dist. 1998); *but see Breckenridge v. Ohio State Bd. of Nursing*, 2010-Ohio-3291, ¶ 5-9 (10th Dist.) (rejecting the notion that motions for reconsideration may be entertained by a common pleas court on appeal from an administrative decision); and *Cleveland Bd. of Zoning Appeals v. Abrams*, 2010-Ohio-1058, ¶ 18-30 (8th Dist.) (same). Therefore, because the common pleas court was not functioning as a trial court in this instance, but was instead sitting as an appellate court when reviewing Hamblin's administrative appeal, the court could have, and should have, considered Hamblin's motion for relief from judgment as if it were a motion for reconsideration under App.R. 26(A)(1)(a). *See generally State ex rel. Andrews v. Chardon Police Dept.*, 2013-Ohio-4772, ¶ 3 ("[a] request for reconsideration of a judgment rendered by an appellate court in an original action is a nullity because App.R. 26(A) is inapplicable").

{¶ 18} Pursuant to App.R. 26(A)(1)(a), "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App.R. 30(A)." Hamblin filed his motion on May 18, 2022, eight days after the common pleas court issued its judgment of dismissal, thereby rendering Hamblin's motion for reconsideration timely filed. We review the denial of a timely filed motion for reconsideration for an abuse of discretion. *Carlson v. Cincinnati*, 2024-Ohio-591, ¶ 39 (1st Dist.). "An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably." *Bowman v. Leisz*, 2014-Ohio-4763, ¶ 17 (12th Dist.), citing

- 7 -

*Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 19} Upon review of the record and—limited to the unique facts and circumstances presented in this case—we find the common pleas court abused its discretion by denying Hamblin's motion for reconsideration. To hold otherwise would divest Hamblin of the opportunity to have his appeal decided on the merits rather than based upon a fluke happenstance where a single hearing date was not included on Attorney Wijesooriya's calendar. Such a harsh penalty is not warranted in this case. This is particularly true here when considering it was the common pleas court's original intent, given the court dismissed Hamblin's original appeal "without prejudice," to have Hamblin simply refile his case once he was ready and able to proceed on the matter. In reaching this decision, we note that the Ohio Supreme Court has "long recognized the fundamental tenet of judicial review in Ohio that courts should decide cases on the merits." *State ex rel. Montgomery v. R & D Chem. Co.*, 72 Ohio St.3d 202, 204 (1995). This is because "[f]airness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193 (1982). Therefore, under the unique facts and circumstances presented in this case, and in the interests of fairness of justice, we sustain Hamblin's single assignment of error and reverse and remand this matter to the common pleas court for further proceedings.

{¶ 20} Judgment reversed and remanded.

HENDRICKSON and PIPER, JJ., concur.