[Cite as *KIN, Inc. v. Trumbull Cty. Bd. of Revision*, 2025-Ohio-2305.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

KIN, INC.,

    Appellant,

  - vs -

TRUMBULL COUNTY BOARD
OF REVISION, et al.,

    Appellees.

**CASE NOS. 2024-T-0104**
      **2024-T-0105**

Administrative Appeals from the
Ohio Board of Tax Appeals

Trial Court Nos. 2024-0912
       2024-0913

---

## OPINION AND JUDGMENT ENTRY

Decided: June 30, 2025
Judgment: Affirmed

---

*Cecilia J. Hyun*, Siegel Jennings Co., LPA, 23425 Commerce Park, Suite 103, Cleveland, OH 44122 (For Appellant).

*Dennis Watkins*, Trumbull County Prosecutor, and *Lynn B. Griffith, III*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Appellee, Trumbull County Board of Revision).

*Lindsey M. Harrison Madgar*, 5577 Youngstown-Warren Road, Niles, OH 44446 (For Appellee, Howland Commons, LLC).

*Karrie M. Kalail*, Peters, Kalail & Markakis Co., LPA, 6480 Rockside Woods Boulevard, S., Suite 300, Cleveland, OH 44131 (For Appellee, Howland Local Schools Board of Education).

MATT LYNCH, J.

{¶1} Appellant, KIN, Inc., appeals from the decisions of the Ohio Board of Tax Appeals ("BTA") that upheld the dismissal of KIN, Inc.'s valuation complaints for lack of standing and denied its motion for reconsideration. For the foregoing reasons, we affirm the BTA's decisions.

{¶2} KIN, Inc. leases property owned by Howland Commons, LLC ("the landlord" or "the property owner"), from which it operates a Kohl's discount store and a junior department store in Howland, Ohio. In March 2023, KIN, Inc. filed with the Trumbull County Board of Revision ("the BOR" or "the board") two complaints contesting the valuation of the property for the 2023 tax year. Although the properties for each store have different addresses and were valued separately, they concern the same economic unit.

{¶3} The complaint filed in case No. 389 concerned parcel No. 28-902680, located at 2350 Niles Cortland Road. KIN, Inc. contested the Trumbull County auditor's assessment that the true value (i.e., the fair market value) of the property is $4,301,400, contending it should be $3,427,200 (a difference of $874,200). The Howland Board of Education filed a counter-complaint, asserting the auditor's assessment is correct.

{¶4} The complaint filed in case No. 390 concerned parcel No. 20-042107, located at Mines Road. KIN, Inc. contested the Trumbull County auditor's assessment that the true value of the property is $91,400, contending the value should be $72,800 (a difference of $18,600).

{¶5} In July 2024, the BOR held a hearing in which it dismissed KIN, Inc.'s complaints for lack of subject matter jurisdiction because KIN, Inc., a tenant, did not establish it had standing. In its written decision, the board explained that pursuant to R.C. 5715.19(A)(1)(f), a complaint can be filed by a tenant only if the tenant meets certain conditions, i.e., the property is classified as commercial or industrial; the lease requires the tenant to pay the entire amount of taxes charged against the property; and "the lease allows, or the property owner otherwise authorizes," the tenant to file such a complaint.

{¶6} The BOR verified the property is classified as commercial from the records of the Trumbull County Auditor's Office. KIN, Inc. had also supplied the board with a copy of its lease, and the board found two relevant sections. First, pursuant to Section 7.1 of the lease, the tenant is required to pay the entire amount of taxes charged to the property. Second, Section 7.4, "Tax Contests," provides, in relevant part:

> At tenant's request, Landlord shall contest in good faith by appropriate proceedings, or in any other manner permitted by law, at Tenant's expense, in Landlord's name, any taxes assessed or levied against the Shopping Center or Tenant's Tracts, if separately assessed, and Tenant agrees to cooperate with Landlord and to execute any documents reasonably required for such purpose. . . .

{¶7} The BOR reviewed that at the hearing it had inquired whether KIN, Inc. had any other documentation that satisfied the criteria of R.C. 5715.19(A)(1)(f), since the lease did not authorize the tenant to file a valuation complaint. KIN, Inc. had stated that such documentation did exist and would be forwarded to the board for review. KIN, Inc. sent the board an email from the landlord's legal counsel to the county auditor, dated June 12, 2024, which stated in relevant part, "Our tenant Kohl's is pursuing these valuation complaints." The board found this was not sufficient authorization from the property owner to the tenant under R.C. 5715.19(A)(1)(f), because

> it is a statement of fact of the actions of the Complainant [KIN, Inc.] made to the Auditor's representative. Even if the Board found it to grant authorization in this matter, it is dated June 12, 2024, well after the filing of the complaint on March 20, 2024, and is not sufficient to establish the Complainant's standing as of the date of filing of the complaint. Complainant supplied no further documentation to be reviewed and made no additional indication to the Board that other documentation exists, so it is assumed that such documentation does not exist to establish Complainant's standing and invoke the jurisdiction of the Board.

{¶8} Finding KIN, Inc. could not establish standing to contest the valuations, the BOR dismissed the complaints.

Case Nos. 2024-T-0104, 2024-T-0105

{¶9} In August 2024, KIN, Inc. filed appeals with the BTA.

{¶10} The BOR filed a motion to dismiss, contending the appeals should be dismissed because KIN, Inc. failed to submit any evidence of the landlord's consent to file the valuation complaints, which was required to establish standing.

{¶11} KIN, Inc. filed a brief in opposition and attached a 2009 amendment to the lease. In relevant part, Section 7.4, "Tax Contests," had been amended to include the following paragraph:

> Notwithstanding the provisions of the foregoing paragraph, Tenant may provide Landlord with a written request for Landlord to consent to Tenant making a direct appeal to the taxing authority concerning the taxes assessed or levied against Tenant's Tract. Such request shall set forth, in specific detail, the reason(s) that Tenant desires to make said appeal. Within thirty (30) days of receiving Tenant's request, Landlord shall provide Tenant with a notice stating whether or not it consents to Tenant's request. Landlord's consent shall not be unreasonably withheld, conditioned or delayed. If Tenant requests Landlord's consent to Tenant filing a property tax appeal on the taxes assessed against Tenant's Tract, then Tenant shall be solely responsible for all costs related to such appeal. Landlord shall have no obligation for any such costs and Tenant shall not be obligated to Landlord for any tax advisory fees.

{¶12} In November 2024, the BTA issued a decision and order affirming the BOR's decision dismissing KIN, Inc.'s complaints for lack of standing. The BTA found KIN, Inc.'s argument—that the 2009 amendment to Section 7.4, "Tax Contests," gave it the right to file a valuation complaint—"is not faithful to the text." (Nov. 13, 2024 BTA Decision and Order, p. 3.) Rather, the provision provided for a procedure whereby KIN, Inc. could request consent from the landlord, and the landlord, in turn, would provide KIN, Inc. with notice of consent. The board also found KIN, Inc.'s reading of the email from the landlord's legal counsel to the county auditor "is not faithful to the text" because it did

not expressly authorize KIN, Inc. to file a valuation complaint. (Nov. 13, 2024 BTA Decision and Order, p. 3.)

{¶13} The BTA found KIN, Inc.'s arguments "frivolous and meritless," and it affirmed the BOR's dismissal of the valuation complaints.

{¶14} KIN, Inc. filed a motion for reconsideration, reiterating its argument that pursuant to the lease, the tenant is permitted to file complaints contesting the subject property's tax value with the landlord's consent, which was evidenced by the email from the landlord's legal counsel to the county auditor. KIN, Inc. argued in the alternative that the email is evidence that KIN, Inc. was acting as the landlord's agent and that the landlord had ratified KIN, Inc.'s actions.

{¶15} The BTA denied the motion for reconsideration finding KIN, Inc. did not point to an obvious error or show an issue that was not fully considered and that such a motion cannot be used as a mechanism to raise a new argument.

{¶16} On appeal, KIN, Inc. raises three assignments of error for our review:

{¶17} "[1.] The BTA erred, acting unreasonably and unlawfully, when it affirmed the BOR's dismissal of the Taxpayer's Complaints based on lack of standing.

{¶18} "[2.] The BTA erred, acting unreasonably and unlawfully, when it concluded that the date of Landlord's email correspondence was dispositive of whether the Landlord had granted the Taxpayer authority to file its Complaints.

{¶19} "[3.] The BTA erred in denying the Taxpayer's Motion for Reconsideration."

{¶20} Because they are interrelated, we address KIN, Inc.'s first and second assignments of error together.

Case Nos. 2024-T-0104, 2024-T-0105

**{¶21}** In its first assignment of error, KIN, Inc. contends the BTA acted unreasonably and unlawfully when it affirmed the BOR's dismissal of KIN, Inc.'s complaints for lack of standing because KIN, Inc. is responsible for paying the taxes and was permitted by the landlord to file the complaints. In its second assignment of error, KIN, Inc. contends the BTA acted unreasonably and unlawfully when it concluded that the date of the landlord's email correspondence, which was dated several months after KIN, Inc. filed the complaints, was dispositive of whether the landlord had granted KIN, Inc. permission to file the valuation complaints.

**{¶22}** R.C. 5717.04 provides for an appeal from a Board of Tax Appeals' decision to the Supreme Court of Ohio or the court of appeals and sets forth the standard of review:

> If upon hearing and consideration of such record and evidence the court decides that the decision of the board appealed from is reasonable and lawful it shall affirm the same, but if the court decides that such decision of the board is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter final judgment in accordance with such modification.

**{¶23}** In *O'Keeffee v. McClain*, 2021-Ohio-2186, the Supreme Court of Ohio explained the varying standards of review of a BTA decision. "We review BTA decisions to 'determine whether they are reasonable and lawful.' The standard for conducting that review ranges from abuse of discretion, which applies when we are asked to reverse the BTA's determination regarding the credibility of witnesses, to de novo review of legal issues." *Id.* at ¶ 12, quoting *Grace Cathedral, Inc. v. Testa*, 2015-Ohio-2067, ¶ 16, citing R.C. 5717.04. "Since the BTA is responsible for determining factual issues, we will affirm the BTA's factual findings if they are supported by reliable and probative evidence." *Crown Communication, Inc. v. Testa*, 2013-Ohio-3126, ¶ 16.

Case Nos. 2024-T-0104, 2024-T-0105

{¶24} This appeal involves questions of the proper invocation of the jurisdiction of the BOR, which are questions of law, accordingly this court's review is de novo. *Kuntz 2016, LLC v. Montgomery Cty. Auditor*, 2018-Ohio-4635, ¶ 9 (2d Dist.), citing *Akron Ctr. Plaza, L.L.P. v. Summit Cty. Bd. of Revision*, 2010-Ohio-5035, ¶ 10.

{¶25} "'A board of revision is a creature of statute and is limited to the powers conferred upon it by statute.'" *Id.* at ¶ 10, quoting *Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision*, 87 Ohio St.3d 363, 368 (2000). "The authority granted to a board of revision by R.C. 5715.01 is to 'hear complaints and revise assessments of real property for taxation.'" *Id.*, quoting *Cincinnati School Dist.* at 368.

{¶26} "In hearing and ruling on complaints, a board of revision must first examine the complaint to determine whether it meets the jurisdictional requirements set forth in R.C. 5715.13 and 5715.19." *Groveport Madison Local Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2013-Ohio-4627, ¶ 10. "The board must dismiss any complaint that does not meet those requirements." *Id.*

{¶27} "R.C. 5715.19(A) 'establishes the jurisdictional gateway to obtaining review by the boards of revision.'" *Id.* at ¶ 11, quoting *Toledo Pub. Schools Bd. of Edn. v. Lucas Cty. Bd. of Revision*, 2010-Ohio-253, ¶ 10. The Supreme Court of Ohio "has generally treated full compliance with R.C. 5715.19 as an indispensable prerequisite to a board of revision's exercise of jurisdiction." *Id.* at ¶ 12.

{¶28} R.C. 5715.19(A)(1) lists the entities authorized to file a property tax complaint. Until the passage of Sub.S.B. No. 57, which applies to complaints and counterclaims filed for the tax year 2021 or any tax year thereafter, that list did not include tenants. Sub.S.B. No. 57 amended R.C. 5715.19(A)(1) to include tenants under specified

Case Nos. 2024-T-0104, 2024-T-0105

circumstances. *See Cleveland v. Cuyahoga Cty. Bd. of Revision*, 2023-Ohio-1198, ¶ 5 (10th Dist.).

{¶29} Pursuant to R.C. 5715.19(A)(1)(f), a tenant of the property owner is permitted to file a valuation complaint if "[1] the property is classified as to use for tax purposes as commercial or industrial, [2] the lease requires the tenant to pay the entire amount of taxes charged against the property, and [3] the lease allows, *or the property owner otherwise authorizes*, the tenant to file such a complaint with respect to the property."

{¶30} In *Columbus City Schools Bd. of Edn. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-8844, the Supreme Court of Ohio explained, "Precedent instructs 'that the proponent of jurisdiction [in this matter, KIN, Inc.] must shoulder the burden of showing that the tribunal . . . may proceed to hear its complaint.'" *Id.* at ¶ 14, quoting *Marysville Exempted Village Local School Dist. Bd. of Edn. v. Union Cty. Bd. of Revision*, 2013-Ohio-3077, ¶ 11. "Thus, '"when jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter."'" *Id.*, quoting M*arysville* at ¶ 10, quoting *Ohio Natl. Life Ins. Co. v. United States*, 922 F.2d 320, 324 (6th Cir.1990).

{¶31} The BOR found the property at issue is classified as commercial and Sec. 7.1 of the lease provides that KIN, Inc. is responsible for paying the entire amount of taxes. Thus, the issue before the BTA was whether KIN, Inc. submitted any evidence that the lease allows or the landlord otherwise authorized it to file the valuation complaints.

{¶32} The BTA considered KIN, Inc.'s lease, an email from the landlord's legal counsel to the county auditor, and a 2009 amendment to the lease. As our review of

those documents reveals and the BTA determined, none of this evidence supports a conclusion that the lease allows or the landlord otherwise authorized KIN, Inc. to file the valuation complaints. KIN, Inc. did not follow the procedure outlined in the 2009 amendment to Sec. 7.4 of the lease, which requires the tenant to submit a written request for consent to the landlord and the landlord to give timely notice of consent. Moreover, the June 2024 email between the landlord's legal counsel and the county auditor is silent as to any authorization from the landlord to KIN, Inc.

{¶33} In addition, KIN, Inc.'s argument that the BOR found the date of the email dispositive is not accurate. The BOR found the statement in the email, "Our tenant Kohl's is pursuing these valuation complaints," was a statement of fact describing KIN, Inc.'s action, i.e., that it filed valuation complaints rather than a request for consent. Assuming arguendo, KIN, Inc. sent the email when it filed the complaints, nonetheless the email would still not evidence authorization from the landlord.

{¶34} We note that R.C. 5715.19(A)(1)(f) provides a safe harbor in addition to authorization within the lease itself, by stating "the lease allows, *or the property owner otherwise authorizes*." (Emphasis added.) Thus, the property owner is free to authorize the tenant to file a valuation complaint by any method the parties may determine as "authorization." In this case, the lease provision for the tenant's authorization was admittedly not followed, and the landlord's email to the representative of the BOR simply acknowledges that the tenant has filed a valuation complaint. KIN, Inc. failed to avail itself of its opportunity to file evidence supporting its claim that the property owner "otherwise" authorized the filing. Under these circumstances, KIN, Inc. did not carry its burden to

Case Nos. 2024-T-0104, 2024-T-0105

establish standing to invoke the BOR's jurisdiction. *See Columbus City Schools Bd. of Edn.*, 2017-Ohio-8844, at ¶ 14.

**{¶35}** KIN, Inc. also makes an agency argument, arguing it was acting on the landlord's behalf and the landlord ratified its actions. At the outset, we note KIN, Inc. did not raise this argument until its motion for reconsideration, which is not a mechanism to raise new arguments that could have been raised before. *See Waller v. Waller*, 2005-Ohio-5632, ¶ 3 (7th Dist.) (a motion for reconsideration is not an opportunity to raise new arguments a party simply neglected to make earlier in the proceedings but is an opportunity to correct obvious errors to prevent a miscarriage of justice).

**{¶36}** In any case, KIN, Inc.'s agency argument is disingenuous. In *Toledo Pub. Schools Bd. of Edn.*, 2010-Ohio-253, which KIN, Inc. cites in support of its argument, the Supreme Court of Ohio had to determine whether a property manager, acting through counsel, could legally serve as the property owner's representative for purposes of filing a valuation complaint. *Id.* at ¶ 13. The BTA had found that the management company had not established standing because it had identified itself as "Complainant if not owner" on the valuation complaint form. *Id.* at ¶ 14. Thus, the BTA concluded the management company was not holding itself out as a representative of the owner. *Id.* The Supreme Court of Ohio determined the error in filling out the valuation complaint was not jurisdictionally dispositive because the management company did indicate its representative capacity by declaring its status as a "management company." *Id.* at ¶ 16. The inference arose that it was acting as an agent of the owner because "a property manager or management company furnishes management services to the owner for a fee, and it performs those services on behalf of, and for the benefit of, the owner." *Id.*

Case Nos. 2024-T-0104, 2024-T-0105

Thus, the Supreme Court of Ohio reversed the decision of the BTA, determining the complaint was jurisdictionally sufficient since it implied the management company's status as an agent of the owner and the relevant statutes did not prohibit a property manager from filing a complaint on behalf of an owner. *Id.* at ¶ 31.

{¶37} That inference does not arise in the present circumstances. KIN, Inc. indicated on the complaints its status as a tenant. The argument that the tenant's actions ultimately benefit the landlord by lowering the property taxes and that the landlord impliedly ratified the tenant's actions by acknowledging that the tenant had filed a valuation complaint is tenuous at best. "'[U]nder agency law, the authority of any purported agent to act on behalf of a principal is ordinarily a question of fact.'" *Id.* at ¶ 23, quoting *Jemo Assocs., Inc. v. Lindley*, 64 Ohio St.2d 365, 367 (1980). "The question of agency is determined by reference to whether the person filing the appeal was in fact authorized by its principal to file it." *Id.* at ¶ 24. Here, there is no reliable and probative evidence to support a conclusion that KIN, Inc. was in fact authorized by the landlord to file the complaints.

{¶38} In sum, KIN, Inc. failed to carry its burden of establishing standing to contest the valuations.

{¶39} KIN, Inc.'s first and second assignments of error are without merit.

{¶40} In its third assignment of error, KIN, Inc. contends the BTA erred by denying its motion for reconsideration because it did not fully consider the email from the landlord's legal counsel to the county auditor and/or the operation of agency principles.

{¶41} "The test generally applied upon the filing of a motion for reconsideration . . . is whether the motion calls to the attention of the [tribunal] an obvious error in its

Case Nos. 2024-T-0104, 2024-T-0105

decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the [tribunal] when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 68 (10th Dist. 1987). However, "[a]n application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by [a tribunal]." *State v. Owens*, 112 Ohio App.3d 334, 336 (11th Dist. 1996).

{¶42} We review the denial of a timely filed motion for reconsideration for an abuse of discretion. *Hamblin v. Trustees of St. Clair Twp.*, 2024-Ohio-2525, ¶ 18 (12th Dist.). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2010-Ohio-1900, ¶ 62 (2d Dist.), quoting *Black's Law Dictionary* 11 (8th Ed.Rev.2004).

{¶43} We cannot conclude the BTA abused its discretion in denying KIN, Inc.'s motion for reconsideration. KIN, Inc. merely reiterated its arguments that the BTA had already decided were not meritorious, i.e., that the email was evidence of the landlord's consent, and raised a new argument entirely, i.e., that KIN, Inc. was operating as the landlord's "agent."

{¶44} KIN, Inc.'s third assignment of error is without merit.

{¶45} The BTA's decisions are affirmed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case Nos. 2024-T-0104, 2024-T-0105

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit. It is the judgment and order of this court that the judgments of the Ohio Board of Tax Appeals are affirmed.

Costs to be taxed against appellant.


JUDGE MATT LYNCH


JUDGE EUGENE A. LUCCI,
concurs


JUDGE SCOTT LYNCH,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case Nos. 2024-T-0104, 2024-T-0105