[Cite as *Brazie v. State Bd. of Edn.*, 2025-Ohio-3000.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| DEREK BRAZIE | : |
| | :   C.A. No. 30439 |
| Appellant | : |
| | :   Trial Court Case No. 2024 CV 02766 |
| v. | : |
| | :   (Civil Appeal from Common Pleas |
| STATE BOARD OF EDUCATION | :   Court) |
| | : |
| Appellee | :   **FINAL JUDGMENT ENTRY &** |
| | :   **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on August 22, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and LEWIS, J., concur.

**OPINION**
MONTGOMERY C.A. No. 30439

GEORGE A. KATCHMER, Attorney for Appellant
ELIZABETH H. SMITH, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Derek Brazie appeals from the decision of the trial court overruling his "Motion to Re-Open," which under the authority of Civ.R. 60(B) had sought to "reopen" his administrative appeal following its dismissal for failure to prosecute. Because we conclude that Civ.R. 60(B) is not applicable in an administrative appeal, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} Brazie was employed as an assistant tennis coach at Chaminade Julienne High School, during which time he allegedly engaged in conduct unbecoming to the teaching profession. The State Board of Education held an administrative hearing on whether to revoke Brazie's three-year pupil activity permit based on his alleged misconduct, and a report and recommendation by the hearing officer followed. On April 9, 2024, the Board of Education voted to revoke Brazie's permit and to render him permanently ineligible to reapply for any license, permit, or certificate issued by the Board of Education. Brazie filed an administrative appeal of the decision in the common pleas court in accordance with R.C. 119.12.

{¶ 3} The court issued a scheduling order establishing August 5, 2024, as the deadline for Brazie to file his brief. No brief was submitted, and on August 19, 2024, the court ordered Brazie to show cause within 14 days why his appeal should not be dismissed

for lack of prosecution. In the absence of a response, the court issued an order of dismissal for failure to prosecute on September 3, 2024.

{¶ 4} Brazie moved under Civ.R. 60(B)(1) to "reopen" the case on October 23, 2024. He claimed that he had not received any notices from the court "due to the Clerk's Office having an incorrect email address for Appellant's counsel." The State Board of Education opposed the motion. Brazie replied and attached the brief that his counsel claimed he attempted to file on August 5, 2024. According to counsel, he received no indication that the brief had not been filed due to the confusion regarding his email address. Following several continuances, the court conducted a hearing on Brazie's motion on March 7, 2025. A transcript of the hearing is not in the record.

{¶ 5} The court overruled Brazie's motion to reopen. The court noted that the record failed to establish "what happened with [Brazie's] attempt to timely file a brief," citing counsel's testimony that he attempted to file the brief on August 7, 2024, did not serve the State Board of Education with a copy, and did not file an affidavit setting forth his efforts to file the brief. The court further noted that the clerk's office did not have the correct email address for counsel for Brazie and was unable to advise counsel it did not receive the brief. It was significant to the court that Brazie's counsel was able to successfully file the administrative appeal on May 15, 2024, yet from August 5 to September 12, 2024, he did not take any action to prosecute the appeal, or respond to the August 19, 2024 show cause order. Regarding Civ.R. 60(B), the court found that Brazie lacked a meritorious claim or defense to the revocation of his three-year pupil activity permit and that he failed to show excusable neglect.

**Assignment of Error and Analysis**

{¶ 6} Brazie's assignment of error contends that the court erred in finding that he had not met his burden for reopening his administrative appeal under Civ.R. 60(B)(1).

{¶ 7} R.C. Chapter 2505 applies to administrative appeals unless another chapter of the Revised Code, such as Chapter 119, provides specific procedural rules. R.C. 2505.03(B). In *Hamblin v. Trustees of St. Clair Twp.*, 2024-Ohio-2525 (12th Dist.), a firefighter sought judicial review of the decision of a township's board of trustees that terminated his employment with a fire department. The court of common pleas dismissed the firefighter's appeal without prejudice for want of prosecution and subsequently denied the firefighter's motion for relief from judgment under Civ.R. 60. *Id.* at ¶ 7. On appeal, Hamblin argued that the court erred in denying his Civ.R. 60 motion. *Id.* at ¶ 13. Before addressing the merits of his argument, the Twelfth District addressed whether a motion for relief from judgment under Civ.R. 60(A) or (B) is authorized in an administrative appeal before a common pleas court. *Id.* at ¶ 14. The court concluded that such motions are not authorized. *Id.*

{¶ 8} The Twelfth District explained that under R.C. 2506.04, "in an administrative appeal, '[t]he judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure' and, to the extent not in conflict with those rules, R.C. Chapter 2505." *Id.* at ¶ 15. The court found that "given the plain language of the statute," Civ.R. 60(B) does not provide "an alternative method to challenge the court's judgment other than appealing the matter to the appropriate court of appeals." *Id.* "This is because, when conducting its review of administrative matters, the common pleas court is sitting as an appellate court tasked with weighing the evidence and determining whether the administrative decision being appealed is 'unconstitutional, illegal, arbitrary, capricious,

unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.'" *Id.,* quoting R.C. 2506.04.

**{¶ 9}** The Twelfth District further observed that "[t]he Civil Rules apply to all legal proceedings except special statutory proceedings where they are clearly inapplicable." (Cleaned up.) *Id.* at ¶ 16. "'An administrative appeal filed pursuant to statute is a special statutory proceeding.'" *Id.*, quoting *Middlebrook v. United Collection Bur., Inc.*, 2017-Ohio-8587, ¶ 8 (10th Dist.). *See also Nippon Sushi and Steak LLC v. Ohio Liquor Control Comm.*, 2024-Ohio-2341 (10th Dist.) ("An administrative appeal under R.C. Chapter 119 is a special statutory proceeding.") "Moreover, as noted by the Ohio Supreme Court, '[an] administrative appeal is more akin to an appeal than a trial.'" *Hamblin* at ¶ 16, quoting *AT&T Communications of Ohio, Inc. v. Lynch,* 2012-Ohio-1975, ¶ 14.

**{¶ 10}** The Twelfth District ultimately concluded that the common pleas court should have understood Hamblin's Civ.R. 60 motion as a motion for reconsideration under App.R. 26, and it proceeded to analyze the common pleas court's decision under the standard applicable to the appellate rule. *Id.* at ¶ 16-19. However, the Supreme Court has held that a motion for reconsideration of the final judgment of a common pleas court in an administrative appeal is void, as it is "simply a legal fiction created by counsel." *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 381 (1981). We have previously declined to recognize the validity of such a motion for reconsideration in an administrative appeal. *Omoyosi v. Montgomery Cty. Dept. of Job and Family Servs.*, 2018-Ohio-3131, ¶ 9 fn. 3 (2d Dist.). Therefore, we decline to follow this aspect of *Hamblin*.

**{¶ 11}** Here, Brazie failed to appeal from the common pleas court's dismissal for failure to prosecute. His Civ.R. 60(B) motion to reopen his administrative appeal was

correctly overruled because the rule was not applicable to the proceeding. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

EPLEY, P.J., and LEWIS, J., concur.